# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROBERT PARKS,

    Plaintiff,

v.

STATE OF GEORGIA; DEPARTMENT OF CORRECTIONS; COFFEE CORRECTIONAL FACILITY; WHEELER CORRECTIONAL FACILITY; ROGERS STATE PRISON; and GEORGIA STATE PRISON,[1]

    Defendants.

CIVIL ACTION NO.: 5:17-cv-47

## **O R D E R**

Plaintiff, who is incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion to Proceed *in Forma Pauperis*. (Doc. 3.) Plaintiff also filed "Motions" for Copies, (docs. 4, 6), which the Court **GRANTS in part** and **DENIES in part**. For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis* and **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. The Court also **DIRECTS** the Clerk of Court to mail Plaintiff the Court's preferred forms for prisoner-plaintiffs wishing to move to proceed without pre-payment of fees and for the filing of Section 1983

---

[1] The Court **DIRECTS** the Clerk of Court to change "Reidsville State Prison" to "Georgia State Prison" upon the docket and record of this case. In addition, the Court **DIRECTS** the Clerk of Court to amend the docket to reflect Plaintiff has filed a Complaint rather than a Petition.

complaints.  In addition, the Court **DIRECTS** the Clerk of Court to mail Plaintiff a copy of the docket sheet of this case.

## BACKGROUND

In his Complaint, which is less than a model of clarity, Plaintiff asserts Defendants "have cause[d him] to suffer grievous harm" and the "deprivation" of his rights.  (Doc. 1, p. 2.) Plaintiff also asserts the State of Georgia has committed fraud, torture, torment, controlling abuse, molestation, vexatious acts, annoyance, and irritation, all of which have caused him pain and suffering.  Additionally, Plaintiff maintains the "administration" has intercepted his mail and phone calls.  (Id.)  Plaintiff avers the Department of Corrections is using computers on him and the citizens of the State of Georgia, which cause blindness, and these computers have instituted plots to have Plaintiff killed, including at Wheeler Correctional Facility.  He contends undisclosed staff and other inmates have beaten him, almost putting him in a coma.  Plaintiff states he was placed in a cell at Georgia State Prison with an inmate who had a shank.  When the attempt to kill him failed, Plaintiff was placed in a cell containing a toilet full of toxic feces. (Id.)  Plaintiff also states he has been placed in the mental health unit while housed in Augusta State Medical Prison, yet he does not suffer from mental health issues.

## DISCUSSION

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C.

§§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

3

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### I. Plaintiff's Motion to Proceed *in Forma Pauperis*

While Plaintiff has submitted an Application to Proceed *in Forma Pauperis*, he has used a form which is not the form this Court wishes for prisoners to use when seeking to proceed before this Court. To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate trust accounts on page 2 of this application. The Court **DIRECTS** Plaintiff to re-submit his application within **fourteen (14) days** of this Order and **DEFERS** ruling on Plaintiff's Motion until he has submitted the proper forms. Plaintiff is advised that his failure to timely comply with this Court's directive may result in the dismissal of his Complaint for failure to follow a Court Order and failure to prosecute.

### II. Plaintiff's Amended Complaint

In addition, Plaintiff's Complaint was not submitted on the form complaint prisoners are to use when filing a 42 U.S.C. § 1983 cause of action in this Court. The Court **DIRECTS** the

4

Clerk of Court to provide Plaintiff with a proper blank prisoner civil rights complaint form. The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of this Order and to pay special attention to the questions this forms asks. In addition, Plaintiff is advised he must set forth allegations indicating that his constitutional rights have been violated and by whom his rights have been violated.

The Court also advises Plaintiff that he has not named an entity amenable to suit under Section 1983. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty., 335 F.3d 1326, 1343 (11th Cir. 2003). The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); accord Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Id. (citing Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500 (Ga. 1988)).

In this case, Plaintiff has not named any persons within the meaning of Section 1983 who participated in the alleged violation of his rights. Instead, Plaintiff names the State of Georgia and the Georgia Department of Corrections as two Defendants. While local governments qualify

5

as "persons" under Section 1983, as noted above, state agencies and penal institutions are generally not considered legal entities subject to suit. See Grech, 335 F.3d at 1343. "A state and its agencies (such as the Georgia Department of Corrections) are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013); see also Williams v. Ga. Dep't of Corr., No. CV612-050, 2012 WL 3911232, at *1 (S.D. Ga. Aug. 6, 2012), *report and recommendation adopted*, No. CV612-050, 2012 WL 3910834 (S.D. Ga. Sept. 6, 2012) ("Because the Georgia Department of Corrections is a state agency, it is not a 'person' subject to suit under § 1983.") Thus, Plaintiff cannot sustain a cause of action against Defendants the State of Georgia and the Georgia Department of Corrections.

Additionally, Plaintiff names as Defendants Coffee Correctional Facility, Wheeler Correctional Facility, Rogers State Prison, and Georgia State Prison. As discussed above, these penal institutions are entities which are not capable of being sued, as they are buildings. Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

Further, the allegations Plaintiff sets forth in his Complaint are not related to each other. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such an Amended Complaint is filed.

The Court also **DIRECTS** Plaintiff to:

(1) draft his Amended Complaint on the complaint form provided by the Clerk of Court;

(2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;

(3) add no more than ten pages to the form;

(4) write legibly and only on one side of each page;

(5) provide the name of each intended defendant;

(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly identify each defendant responsible for each alleged violation;

(9) omit all legal argument or conclusions;

(10) provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

(11) provide detailed information on all prisoner civil actions Plaintiff has filed.

<u>Plaintiff's failure to file an appropriate Amended Complaint also could result in the dismissal of his cause of action for failure to follow this Court's Order.</u>

### III.	Plaintiff's "Motions" for Copies

Plaintiff filed two pleadings, which the Clerk of Court has filed as Motions for Copies. (Docs. 4, 6.) However, a review of these pleadings reveals that Plaintiff simply requests a copy of the docket sheet in this case so that he may ensure his pleadings are being filed. Thus, the Court **GRANTS in part** Plaintiff's Motions, to the extent these pleadings may be so construed, and **DIRECTS** the Clerk of Court to mail to Plaintiff a copy of the docket sheet in this case. To the extent Plaintiff is seeking copies of the pleadings that have been filed upon the docket in this case, the Court **DENIES** that portion of Plaintiff's Motions. Plaintiff is advised that, should he request copies of a particular document and the Court grants him *in forma pauperis* status, he will have consented to the collection of fees from his prison trust account. Accordingly, Plaintiff also is advised that he may obtain copies from the Clerk of Court at the standard cost of fifty cents ($.50) per page, and he must pay for these copies prior to receipt. See 28 U.S.C. § 1914(c). In the future, if Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court Order. The Court **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the prisoner civil rights form complaint and

a blank copy of the appropriate form for application to proceed *in forma pauperis* for prisoners, as well as a copy of the docket sheet for this case.

**SO ORDERED**, this 10th day of July, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA