# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROBERT PARKS,

    Plaintiff,

v.

STATE OF GEORGIA, et al.,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-47

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion to Proceed *in Forma Pauperis.* (Doc. 3.) This Court deferred ruling on Plaintiff's Motion by Order dated July 10, 2017, because Plaintiff did not file his Motion on the Court's preferred forms and because Plaintiff's claims were unrelated to each other. (Doc. 8.) The Court ordered Plaintiff to correct the deficiencies in his Motion and to amend his Complaint appropriately within fourteen (14) days of its Order and warned Plaintiff that his failure to do so would result in the dismissal of his Complaint. (Id. at pp. 4, 7.) Plaintiff re-submitted his Motion on the proper forms and has filed an Amended Complaint and various other Motions.

For the reasons which follow, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 3, 9). For purposes of the Court's frivolity review, the Court **GRANTS** Plaintiff's Motions to Amend his Complaint, (docs. 11, 14). The Court also **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 11), and **DISMISSES as moot** Plaintiff's Motions for Documents, (docs. 18, 20). For these same reasons, I **RECOMMEND** the Court **DISMISS**

**without prejudice** Plaintiff's Complaint based on his failure to follow this Court's Order, **DISMISS as moot** the remaining Motions for Protective Order, (docs. 11, 17), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts Defendants "have cause[d him] to suffer grievous harm" and the "deprivation" of his rights. (Doc. 1, p. 2.) Plaintiff also asserts the State of Georgia has committed fraud, torture, torment, controlling abuse, molestation, vexatious acts, annoyance, and irritation, all of which have caused him pain and suffering. Additionally, Plaintiff maintains the "administration" has intercepted his mail and phone calls. (Id.) Plaintiff avers the Department of Corrections is using computers on him and the citizens of the State of Georgia, which causes blindness, and these computers have instituted plots to have Plaintiff killed, including at Wheeler Correctional Facility. He contends undisclosed staff and other inmates have beaten him, almost putting him in a coma. Plaintiff states he was placed in a cell at Georgia State Prison with an inmate who attempted to kill Plaintiff with a shank. When the attempt to kill him failed, Plaintiff was placed in a cell containing a toilet full of toxic feces. (Id.) Plaintiff also states he has been placed in the mental health unit while housed in Augusta State Medical Prison, yet he does not suffer from mental health issues. In his Amended Complaint and his Motions to Amend, Plaintiff sets forth many of the same allegations as he did in his original Complaint, although he does name individually-named entities as Defendants. (Docs. 10, 11, 14.)

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to Follow this Court's Orders

The Court advised Plaintiff that his Complaint failed to state a claim upon which relief could be granted. The Court noted Plaintiff's factual allegations but warned him that he did not name an entity amenable to suit and that his claims were unrelated to each other. (Doc. 8,

pp. 6–7.) The Court advised Plaintiff that he should submit an Amended Complaint that "set[s] forth allegations indicating that his constitutional rights have been violated and by whom his rights have been violated." (Id.) While Plaintiff filed an Amended Complaint, as explained below, he failed to explain how the entities named in his Amended Complaint violated his rights or are "persons" subject to suit pursuant to Section 1983. The Court forewarned Plaintiff that, if he did not file an Amended Complaint which complied with the Court's instructions, the Court could dismiss his Complaint for failure to follow the Court's Order. (Id. at p. 7.) However, Plaintiff ignored the Court's instructions and failed to file an appropriate Amended Complaint.

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to follow court orders is a "sanction . . . applicable only in extreme circumstances" and requires that a court "(1) [make] a clear record of willful conduct and (2) a finding that lesser sanctions are inadequate." Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 707 (11th Cir. 2008) (per curiam) (citing Betty K Agencies, Ltd., 432 F.3d at 1339 and quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)); see also McIntosh v. Gauthier, 182 F. App'x 884, 886–87 (11th Cir. 2006) (same) (citing McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)). By contrast, dismissal *without* prejudice for failure to follow a court order is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. See Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007); see also Fed. R. Civ. P. 41(b) (providing that an involuntary dismissal for failure to comply with a court order is an adjudication on the merits, unless the district court "states otherwise"); Brown, 205 F. App'x at 802 (noting that dismissal without prejudice under Rule 41(b) is generally not an abuse of discretion).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

6

Plaintiff did not comply with this Court's Order and file an appropriate Amended Complaint. Consequently, the Court should **DISMISS** Plaintiff's Complaint for failure to follow this Court's Order. See id.

## II.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[1] A certificate of appealability is not required in this Section 1983 action.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 3, 9). For purposes of the Court's frivolity review, the Court **GRANTS** Plaintiff's Motions to Amend his Complaint, (docs. 11, 14). The Court also **DENIES** Plaintiff's Motion to Appoint Counsel, (doc. 11), and **DISMISSES as moot** Plaintiff's Motions for Documents, (docs. 18, 20). For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, as amended, based on his failure to follow this Court's Order, **DISMISS as moot** the remaining Motions for Protective Order, (docs. 11, 17), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA